F. L. MINI and A. VERZASCONI *v.* HILO SUGAR COM-
PANY, LIMITED.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JANUARY 30, 1904.        DECIDED MARCH 16, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A finding that a lessee was evicted and did not voluntarily surrender possession, held supported by the evidence.

Where under a lease the lessor is authorized, upon failure of the lessee to pay the rent or any portion thereof, to declare a forfeiture of the lease and to re-enter after "demand made therefor", the making of a demand for a sum substantially larger than the amount of rent due is not a compliance with the prerequisite named and will not support an attempted forfeiture based thereon.

Where the provision of the lease is that such forfeiture may be declared and re-entry made upon failure to pay the rent after ten days' demand therefor, an attempted forfeiture and a re-entry nine days after demand are unauthorized by the contract and ineffectual to terminate the lease.

A finding that the defendant took certain sugar cane under a mortgage and contract with the lessees, and that there was no contract, express or implied, between the lessor and the defendant for the purchase and sale of the same, held supported by the evidence.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $1632 for cane alleged to have been sold and delivered by the plaintiffs to the defendant. The defendant concedes that it received the cane referred to in the plaintiff's declaration and that the reasonable value of such cane was $1468.10, but it denies that it purchased or received the cane from the plaintiffs and that the cane was the property of the plaintiffs at the time when it was cut and received and contends that at that time it was the property of one H. Kishi or of his trustee in bankruptcy, Kishi having been declared a bankrupt on February 2, 1903, and was taken under a certain mortgage and contract with Kishi and his predecessors in interest.

The following are facts shown by undisputed evidence: On July 8, 1899, A. Grossi and A. Verzasconi executed to H. Kishi, G. Shimooka, K. Yamada, R. Mujita and J. Tanaka a lease for the term of six years from its date of certain land at Hilo, Hawaii, containing an area of 33.9 acres at a rental of $25 per acre per year. On the 26th of the same month Grossi and Verzasconi entered into an agreement in writing with the Hilo Sugar Co. whereby the latter agreed to buy from the former, at certain stated prices, all the sugar cane which they might grow upon their land (that leased to Kishi and others) within the period of ten years next ensuing, and the owner agreed to cultivate as much cane as they should be able to plant on the land and to sell the same to the Hilo Sugar Co. and to no one else. Yamada and Mujita on August 12, 1899, assigned by instrument in writing to their three co-lessees all of their interest under the lease of July 8, 1899, and subsequently and prior to November 5, 1902, there was an attempted surrender or oral transfer by Shimooka and Tanaka of their interests to Kishi. The finding and ruling of the Circuit Judge on this point is that these last two mentioned interests became vested in Kishi. On April 1, 1902, Kishi, Shimooka and Tanaka executed to the Hilo Sugar Co., to secure the payment of a debt of $220 then due and future

advances, a mortgage of all the cane growing and to be grown during the term of two years next following on the land leased to them by Grossi and Verzasconi, and by the same instrument agreed to cultivate all of the land in cane during that period and to sell to the Hilo Sugar Co. at certain prices named (the same as are named in the Grossi agreement, with a slight exception not material in this case) all of the cane so grown. This instrument was not recorded in the Registry Office until February 26, 1903.

Kishi and his co-lessees took possession of the demised premises under their lease and cultivated and harvested therefrom two crops of cane, one of these being cut in July, 1901, and the other in September, 1902. Certain installments of rent were paid, the last one, of $1026.35, on October 25, 1902. Two days later Grossi and Verzasconi sent to their lessees a written notice of which the following is a copy: "Hilo, Hawaii, October 27th, 1902. H. Kishi, et als., Kaumana, Hawaii. Sirs: You are hereby notified that there is now due and owing to us from you the sum of One Thousand Two Hundred Eighty-nine and 75-100 ($1289.75) Dollars for rent and interest on same as per lease executed between us and you dated July 8th, 1899, and that the same has been due and owing to us from you from July 8th, 1902. You are hereby further notified, in accordance with said lease, to pay said rent and interest, in arrears, within ten days from date of this notice, otherwise we shall enter and take possession of the premises, etc., now under lease to you." On October 27, 1902, A. Grossi conveyed his half interest in the land to F. L. Mini, and on November 5, 1902, the lessors re-entered and took possession of the land and growing crops. On February 2, 1903, Kishi was, upon his own petition filed January 30, 1903, declared a bankrupt and on March 10, 1903, the trustee of his estate made demand, in writing, upon Grossi and Verzasconi for the land and crops as part of the bankrupt's property, claiming that the re-entry was void because made within four months prior to the adjudication of bankruptcy. The cane, for the

alleged price of which this action was brought, was cut in April, 1903.

Trial by jury was waived. The Circuit Court held that the attempted enforcement of the forfeiture of the lease was illegal and that the title to the cane did not pass to the plaintiffs and further that the cane was taken by the defendant, not by virtue of any contract of purchase and sale with the lessors but under its mortgage and contract with the lessees and ordered judgment for the defendant.

One of the exceptions mainly relied upon is to the finding of the court below that the lessee was evicted on November 5, 1902, the contention being that the evidence shows that there was on that date a voluntary surrender by the lessee and not an eviction by the lessor. Kishi, upon whose testimony is based the claim of a surrender, testified, presumably through an interpreter: "The rattoons were captured by the lessor; lessor said to us that if the balance of the rental is not paid within ten days he would take possession of the cane; that was the lessor said to me on the 5th of October last, said to me that if any portion of rent is not paid I will take the possession of the cane; that" (the taking) "was on the 5th of November last year." In answer to the question, "State what they did in capturing the property?" he said: "They asked me to leave the place, so I left the place; I surrender and went some other place;" and, continuing his testimony: "They took, the lessors took possession of the cane and cut them this year, cut those canes this year." It was for the trial court, sitting in place of a jury, to construe the language of the witness and upon his whole testimony to say whether the witness intended to testify that the yielding of possession was voluntary or against his will. We cannot say that the court could not have reasonably found that it was the latter. Moreover, the plaintiff Verzasconi in rebuttal, in answer to the question, "Did you enter under the terms of your lease which has been introduced by defendant and take possession or on account of the non-payment of rent?" said: "On account of the non-payment of rent, yes, sir." And also answered in the affirmative

the question, "Have you and your partner, Mini, since taking possession of this lease, forfeiting the cane, leased any of their land to any other parties?" This is additional evidence, though slight, tending to support a finding of an entry *in invilum*. The question is not, of course, whether we would make the same finding upon the evidence but merely whether the finding made is unsupported by the evidence. We cannot say that it is.

The entry or eviction, then, took place less than ten days after the making of the demand and was unauthorized by the terms of the lease and ineffectual to terminate the lessee's estate. The provision of the lease is, in this respect: "It is further stipulated and agreed that in case the parties of the second part, their heirs and assigns shall fail to pay said rent or any portion thereof, when the same becomes due and payable or within ten days thereafter and demand therefor, * * * then and in that event the parties of the first part may, at their option, declare this lease forfeited and may cancel and annul the same and may re-enter and take possession of said premises without process of law and eject any and all persons occupying the same." For another reason, also, the forfeiture was not successfully enforced. The total rent paid from the commencement of the lease was, as found by the Circuit Judge, $1871.35 (findings 9 and 11); the total accrued to November 5, 1902, was $2966.25, leaving a balance due, at the date of demand, of $1094.90 and not of $1289.75 as demanded. A party endeavoring to enforce a forfeiture must comply strictly with the tenor of the contract that he is acting under. A demand for substantially more than the amount due is not such a demand as is required by the contract in the case at bar.

Another exception is to the finding that the defendant took the cane under its mortgage and contract with Kishi and, inferentially, that there was no contract of sale and purchase between the plaintiffs and the defendant. This finding is amply supported by the evidence. The plaintiffs' testimony is that on or about October 17, 1902, they went to the defendant's office and asked its bookkeeper, Mr. Balding, "when they were going to

come up and cut my cane" and that he answered that they would do so as soon as possible. That is the substance of the only conversation relied upon as showing a special contract of sale of this cane. Mr. Balding's explanation on the witness stand was that lessors with whose lessees the defendant has similar contracts were in the habit of inquiring at times concerning the prospect of the cutting of cane on their lands, that he generally gave them the desired information and that that was all he did in telling the plaintiffs that their cane would be cut as soon as possible. Mr. Balding further testified that the cane was cut under the mortgage and contract with Kishi. The Circuit Court believed the testimony of this witness and made a finding in conformity with it. That finding cannot be disturbed under the circumstances.

The burden was upon the plaintiffs to show that they sold to the defendant and that the defendant purchased of them the cane upon the express oral contract relied upon. Failing in this, as they did, the burden was upon them to show at least that the cane was theirs and that therefore the general contract of July 26, 1899, was applicable and that the defendant was liable to them for the full value of the cane under that general contract or upon an implied contract. But this also they failed to do, because the forfeiture relied upon by them as the sole transfer of the title which theretofore was admittedly in the lessees was unauthorized by the contract and illegal.

It will be unnecessary to consider the question of the validity or force of the defendant's mortgage from Kishi as affected by the fact that it was not recorded until after the date of the alleged forfeiture of the lease. If the plaintiffs were not the owners of the cane and did not sell it to the defendant, it is immaterial whether or not the defendant had a valid lien upon it.

Exceptions were noted to certain rulings upon questions of the admissibility of evidence. In the view which we take of the

case, those rulings were either correct or the errors, if any, were not prejudicial.

The exceptions are overruled.

*Wise & Ross* for the plaintiffs.

*Smith & Parsons* for the defendant.